UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SUSAN HOWE CIVIL NO. 01-1012 (DSD/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

PDHC LIMITED,
d/b/a Park Dental,

Defendant.

The above matter came on for hearing before the undersigned on August 8, 2001 upon Defendant's Motion to Dismiss Count II [Docket No. 4]. Teresa J. Ayling, Esq. appeared on behalf of Plaintiff; Richard A. Ross, Esq. appeared on behalf of Defendant. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

**FINDINGS OF FACT/REPORT**

The parties are agreed upon the standard to be applied in considering a Motion to Dismiss. At the August 8, 2001 hearing on the Motion we announced our intention to recommend that the Motion to Dismiss be granted, and we set forth the reasons upon which that recommendation would be based. We briefly summarize here.

Plaintiff's Complaint alleges that she advised the CEO of Defendant that "she needed to have surgery for a serious medical condition that would require hospitalization and a six-week recuperative period following this operation." She alleges that, in response, her employment was terminated. Count I of the Complaint alleges a violation of the Family Medical Leave Act. Count II alleges that "Plaintiff was terminated from her employment with Defendant because of her sex."

FILED AUG 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.________
DEPUTY CLERK________

Defendant moved to dismiss Count II upon the ground that the Complaint fails to set forth sufficient facts to support the conclusion that Plaintiff's sex had anything to do with the discharge. In response to the Motion, Plaintiff filed pleadings which left the impression that the basis for the allegation of sex discrimination was that Plaintiff had revealed to the CEO that the operation was one which only women have, and that the circumstances were similar to those in which an employee would be fired after announcing that she was pregnant. At oral argument, however, after the filing of Affidavits which contradicted this theory, counsel for Plaintiff suggested that the basis of the charge of sex discrimination was that male employees were permitted to take leave for operations, but female employees were not.

It is apparent from this history that the Complaint fails adequately to state a claim upon which relief may be granted. Plaintiff states that it is her intention that "the theory of the case may evolve and change as discovery proceeds," but this is not permissible. See In re Buffets, Inc. Securities Litigation, 906 F. Supp. 1293 (D. Minn. 1995). While it is true that discovery may be used to flesh out the details of any legitimate claim, it is nonetheless first necessary for the pleading to provide some degree of specificity. Otherwise, the discovery process could be endlessly time-consuming and expensive. Even a Complaint in Negligence must identify some of the particulars in which it is claimed that the defendant was negligent. See Form 9, Complaint for Negligence, Federal Rules of Civil Procedure.

In this case, were the Complaint deemed sufficient in its present form, it would be necessary for the Defendant to indulge every conceivable hypothesis upon which a claim of sex discrimination could be based, and complete discovery on that topic, before

it could present a Motion for Summary Judgment, even though counsel for Plaintiff acknowledges that the Complaint does not attempt to state a claim based upon an allegation that Plaintiff was fired for advising of a pending operation which only females undergo.

We had deferred issuing our ruling upon the Motion, in the expectation that Plaintiff would simply serve an Amended Complaint setting forth the allegations which were intended to be made, and omitting those which are abandoned. Permission of the Court, or opposing counsel, would not be required under present procedural circumstances, since Rule 15(a) permits Plaintiff to amend her pleading "once as a matter of course at any time before a responsive pleading is served . . .," and a motion to dismiss for failure to state a claim, brought pursuant to Rule 12(b)(6) is not a "responsive pleading" for purposes of Rule 15(a). Camp v. Gregory, 67 F.3d 1286, 1289 (7th Cir. 1995); Lockhart v. Cedar Rapids Community Sch. Dist., 963 F. Supp. 805, 810 (N.D. Iowa, 1997). No Amended Complaint has been filed as of this date, so we issue our Report and Recommendation.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Motion to Dismiss Count II of the Complaint be granted, and that said Count II be dismissed unless, on or before September 7, 2001, Plaintiff serves upon Defendant and files with the Clerk of Court an Amended Complaint in accordance with this Report and Recommendation.

Dated: August 22, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 6, 2001 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before September 6, 2001.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500